IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC L. HETRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-151J |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

<u>MEMORANDUM JUDGMENT ORDER</u>

AND NOW, this 29th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for benefits on January 16, 2007, alleging a disability onset date of February 28, 2005, due to a neck injury and heart problems. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on May 27, 2008, at which plaintiff, represented by counsel, appeared and testified. On July 8, 2008, the ALJ issued a decision finding that plaintiff is not disabled. On April 15, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 43 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). He has a tenth grade education which is classified as limited. 20 C.F.R. §404.1564(b)(3). Plaintiff has past relevant work experience as a tractor trailer driver and truck driver, but he has not engaged in any substantial gainful activity since the alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of cervical

degenerative disc disease with radiculopathy, status post cervical diskectomy and fusion, vasovagal episodes with loss of consciousness, occipital neuralgia, coronary artery disease, hypertension, history of myocardial infarction status post a stent, and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the light exertional level but with numerous physical, non-exertional and environmental restrictions recognizing the limiting effects of his impairments. (R. 13). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including garment sorter and folder. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering

his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §404.1520. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises several challenges to the ALJ's determination that plaintiff is not disabled: (1) the ALJ improperly evaluated the medical evidence from plaintiff's treating physician; (2) the ALJ improperly evaluated plaintiff's credibility; and, (3) the ALJ's residual functional capacity finding and hypothetical to the vocational expert failed to account for all of plaintiff's limitations. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

---

[1] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ failed to give controlling weight to the opinion of his treating physician, Dr. Paterson, who opined in a physician statement dated March 6, 2008, that plaintiff cannot engage in work-related activity on a sustained basis. (R. 435-36). The court finds no error in the ALJ's evaluation of this evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ expressly addressed Dr. Peterson's report in his decision and thoroughly explained why he did not give his opinion controlling weight. (R. 18-19). The ALJ noted that Dr. Paterson's opinion is not supported by his own findings and is inconsistent with the clinical and objective

findings of record and with other substantial evidence. (R. 19) In particular, the ALJ pointed out that Dr. Paterson reported many "benign objective signs" and that plaintiff's self-reported activities also are inconsistent with the "degree of limitation" suggested by Dr. Paterson. Finally, the ALJ noted that Dr. Paterson's conclusions were at odds with those of the state agency medical consultant whose opinion was entitled to "some weight." Because Dr. Paterson's limitations are inconsistent with the totality of the evidence, the ALJ determined his opinion was not entitled to controlling weight. (R. 19).

The record supports the ALJ's evaluation of the foregoing medical evidence. As an initial matter, the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p. Accordingly, Dr. Paterson's opinion that plaintiff cannot work on a sustained basis was not entitled to controlling weight.

The ALJ's conclusion that plaintiff's severe impairments do not result in completely debilitating limitations also is supported by other evidence in the record as detailed by the ALJ, including the medical examiners at Corporate Care Services, who opined that plaintiff could perform at least sedentary work, and Drs. Talbott, Lieber and Bookwalter. (R. 17-18). In light of this contrary evidence, the ALJ did not err in not giving controlling weight to Dr. Paterson's opinion that plaintiff cannot perform any work. 20 C.F.R. §404.1527(d); SSR 96-2p.

The ALJ also properly considered the opinion of the state agency consultant in assessing plaintiff's residual functional capacity. Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §404.1527(f)(2)(ii); SSR 96-6p. The ALJ did so here and, having concluded that the state agency physician's report was consistent with, and supported by, the medical evidence, he properly gave that opinion "some weight." (R. 19).

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

The court also finds no error in the ALJ's evaluation of plaintiff's subjective complaints of pain and limitations. As required, in assessing plaintiff's credibility the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence and all of the other evidence of record. 20 C.F.R. §404.1529(c); see also SSR 96-7p.

The ALJ did a thorough job in his decision explaining why plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely credible. (R. 16-17). Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Farqnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of <u>not only</u> his activities of daily living but also in light of the medical evidence, which revealed the absence of clinical and objective findings supporting plaintiff's allegations of <u>totally</u> debilitating symptoms.

It also is important to note that while the ALJ did not find plaintiff's subjective complaints <u>entirely</u> credible, his decision makes clear that, to the extent plaintiff's allegations as to the limitations arising from his impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in his residual functional capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible. The court is satisfied that the ALJ's evaluation of plaintiff's credibility is supported by substantial evidence.

Finally, the court finds no merit to plaintiff's contention that the ALJ improperly relied on the vocational expert's response to a hypothetical that failed to account for the likelihood that

plaintiff would need excessive rest breaks during the workday and that he likely would be absent from work in excess of 15 days per month as suggested by Dr. Paterson. (R. 436).

A hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the need for excessive breaks or to miss work for fifteen or more days per month is supported neither by the objective medical evidence nor by plaintiff's reported daily activities. Accordingly, the ALJ did not err in rejecting the vocational expert's response to a hypothetical posited by plaintiff's attorney incorporating such limitations. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc:  Karl E. Osterhout, Esq.
     521 Cedar Way
     Suite 200
     Oakmont, PA 15139

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     224 Penn Traffic Building
     319 Washington Street
     Johnstown, PA 15901